**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

UNITED SECURITY HEALTH AND ) 
CASUALTY INSURANCE COMPANY, )
                                )
        Plaintiff, )
                                )
v.                              )      Case No. 20-CV-59-TCK-CDL
                                )
JOHN SMITH, ANDREW SMITH, MARISSA )
SMITH, KACI ANNE-RENE CACKLER, )
CLAUDIA LOPEZ, as surviving spouse of )
ELIAZAR MUNOZ-VARGAS, deceased, THE )
ESTATE OF ELIAZAR MUNOZ-VARGAS, and )
REGIONAL HYUNDAI, LLC, d/b/a )
REGIONAL HYUNDAI AND IMPORT )
SUPERCENTER, )
                                )
        Defendants. )

## <u>OPINION AND ORDER</u>

Before the Court is the Motion for Summary Judgment filed by plaintiff, United Security

Health and Casualty Insurance Company ("United Security") pursuant to Fed. R. Civ. P. 56. Doc.

36.  In its motion, United Security seeks summary judgment on its claim for declaratory judgment

that coverage does not exist under an automobile liability insurance policy (the "Policy") listing

Defendant John Smith as the insured policy holder for a 2004 Pontiac Grand Prix and a 2011

Toyota Camry, for a fatal vehicle-pedestrian collision involving his son, Andrew Smith, who was

operating a 2013 Buick Encore.  *Id*.[1] None of the served defendants filed a response to the motion.

---

[1] All named defendants except Kaci Anne-Rene Cackler and the Estate of Eliazar Munoz-Vargas
were served in the case. Docs. 9-12.  Defendants John Smith, Andrew Smith and Marissa Smith,
and Regional Hyundai, LLC/d/b/a Regional Hyundai and Import Supercenter, filed Answers to the
Complaint.  Docs. 13-15, 18.  Neither Kaci Anne-Rene Cackler nor Claudia Lopez filed Answers.

## I.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant bears the burden of showing that no genuine issue of material fact exists.  *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006).  The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.*  However, the party opposing a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The party opposing a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v.  Catrett*, 477 U.S. 317, 323-33 (1986).

A movant who "will not bear the burden of persuasion at trial need not negate the nonmovant's claim, "but may "simply . . . point[] out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal citations omitted).  If the movant makes this prima facie showing, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."  *Id.* (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)).  "In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.  The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome convincing

presentation by the moving party." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (internal citations omitted).

### III.  MATERIAL FACTS

 Prior to October 16, 2019, United Security issued a policy of automobile liability insurance bearing policy number 18-36-0000980-00 (the "Policy").  Doc. 36, Statement of Uncontroverted Fact ("SUF") 1; Ex. 3, Policy.  The only named insured on the Policy was Defendant John Smith. *Id.*, Ex. 3.  Defendants Marissa Smith and Andrew Smith were identified as covered drivers under the Policy, subject to the remaining terms and provisions thereof.  *Id.*, Ex. 3.[2]  The Policy provided coverage for two automobiles—a 2004 Pontiac Grand Prix and a 2011 Toyota Camry—and no others. *Id.*, Ex. 3.

On or about October 16, 2019, Marissa Smith believed that she had reached an agreement with defendant Regional Hyundai for the purchase of a 2014 Chevrolet Cruze. *Id.*, SUF 8. John Smith reported to his insurance agent, for communication to United Security, that he had acquired the Chevrolet Cruze. *Id.* Later that day, Regional Hyundai advised Marissa Smith that the Cruze was not available for sale to her, so instead, she purchased a 2013 Buick Encore from Regional Hyundai the same day.  *Id.*, SUF 8.

No notification was provided to United Security that the Buick Encore had been acquired, nor did United Security ever receive a request for coverage to be provided for said vehicle under the Policy as either a replacement auto or additional auto. *Id.*, SUF 10.

On October 18, 2019, Andrew Smith was involved in a vehicle-pedestrian collision in Tulsa, Oklahoma, while driving the Buick Encore. *Id.*, SUF 11.  As a result of the collision, one

---

[2] Marissa Smith and Andrew Smith are married to each other and, at all relevant times, resided in the household of Andrew's grandfather, John Smith.

of the pedestrians, Kaci Anne-Rene Cackler, sustained personal injury, the extent of which is unknown to United Security, and the other pedestrian, Eliazar Munoz-Vargas died of the injuries he sustained in the collision. *Id.*

The Policy provided in pertinent part:

**PART A—LIABIILITY TO OTHERS**

**INSURING AGREEMENT**

Subject to the exclusions hereinafter, **we** will pay for damages for which any **covered person** becomes legally responsible because of **bodily injury** and **property damage** arising out of the **ownership**, maintenance or use of a **covered auto or trailer**. **We** will settle or defend, as **we** consider appropriate, any claim or suit for these damages. **Our** duty to settle ends when **our** Limit of Liability for this coverage has been exhausted. **We** will not be obligated to defend, settle or pay any claim or judgment that is not covered by this policy.

*Id.*, Ex. 3.  The Policy further provided:

**DEFINITIONS**

The following definitions apply throughout the policy.  Defined terms are printed in boldface type and have the same meaning whether in the singular, plural or any other form.

\* \* \*

(2)  **Additional Auto** means an **auto** that **you** become the owner of, **you** and that **you** acquire or purchase during the policy period, and under this policy **we** insure all the **autos you** own or lease for a term of at least six months.  To qualify as an **additional auto** under this policy, any newly acquired **auto** must be an acceptable risk to **us** under **our** underwriting guidelines.

\* \* \*

(17)  **Replacement Auto** means an **auto** that **you** become the owner of and that **you** acquire or purchase during the policy period to take the place of an **auto** described on the **Declarations Page** because of:

a.  Termination of your ownership interest in an **auto** described on **the Declarations** Page; or mechanical breakdown, theft, deterioration, or total loss of an **auto**

described on the **Declarations Page**, rendering it permanently inoperable.

b. To qualify as a **replacement auto** under the policy, any newly acquired **auto** must be an acceptable risk to **us** under **our** underlying guidelines.

\* \* \*

(21)  **You** and **Your** refers to:

a. A person shown as the named insured on the **Declarations Page**; and
b. The spouse of the named insured if residing in the same household.

(22)  **Your covered auto** means:

a.  The **auto** shown on the **Declarations Page**; and

b.  A **replacement auto. You** must notify us within seven (7) days of **your** acquisition of the **replacement auto** for it to be a **covered auto**. The **replacement auto** will have the broadest coverage **we** now provide for the **auto** being replaced only if **you** notify **us** within the seven (7) day period following the acquisition of the **replacement auto**. If the **auto** being replaced does not have coverage under part D – **Coverage for Damage to your Auto, we** will add this coverage for the **replacement auto** effective after **you** ask **us** to do so. All insurance for the **auto** being replaced ends when **you** take delivery of the **replaced auto.**

c.  Any **additional auto. You** must notify **us** within four (4) days of **your** acquisition of the **additional auto** for it to be considered **your covered auto**. These provisions apply only if on the date **you** acquire the **additional auto, we** insure all vehicles **you** own and **you** ask **us** to insure the **additional auto** within four days of the day you acquire it. The **additional auto** will have the broadest coverage **we** now provide on **your** policy only if **you** notify **us** within the 4-day period following the acquisition of the **additional auto**. If no **auto** shown on the Declarations Page has coverage for the **additional auto** effective after **you** ask **us** to do so.

*Id.*, pp. 4-5.

The Policy further provided:

5

**EXCLUSIONS**

**Read the following exclusions carefully.  If an exclusion applies, coverage will not be afforded under this Part.** [Part A—Liability to Others].

**We** do not provide coverage for . . .

\* \* \*

**12.**  The **ownership,** maintenance or use of any vehicle, other than **your covered auto** which is **owned** by **you** or furnished or available for the regular use of **you,** any **family member** or **resident.**

**13.**  The **ownership,** maintenance or use of any vehicle, other than **your covered auto** which is **owned** by **you** or furnished or available for the regular use of any **family member.**

*Id.*, p. 7, Exclusions 12-13.

"Family member" is defined as "any person related to **you** by blood, marriage or adoption, including a ward, step child or foster child, who lives in **your** household whether or not temporarily living elsewhere."  *Id.*, Ex. 3 at 4.  Accordingly, both Marissa and Andrew Smith satisfy the Policy's definition of "family member."

The vehicle operated by Andrew Smith at the time of the incident in question was not specifically identified on the Declarations Page of the Policy as a covered auto, did not satisfy the Policy's definition of either a "replacement auto" or "additional auto," and was not purchased by the named insured. *Id.*, Doc. 36, Ex. 3.  It was to be furnished or available for the regular use of the insured's family members, and no notice—as required by the Policy—was ever provided to United Security that said vehicle had been acquired.  *Id.*, Doc. 36, ¶14.  Accordingly, the Policy did not afford coverage for any personal injury or property damage arising out of the ownership, maintenance or use thereof.  *Id.*, ¶15.

**IV.  Analysis**

6

United Security asserts that it is entitled to declaratory judgment that it has no liability or responsibility to cover claims for injuries, death or other damages arising from the October 18, 2019 vehicle-pedestrian collision at issue because the Buick Andrew Smith was driving at the time of the collision was not a "covered auto" under any definition consistent with the terms of the Policy.

An insurance policy is a contract and "[p]arties to an insurance contract are bound by the terms of the contract." *Cranfill v. Aetna Life Ins. Co.*, 39 P.3d 703, 706 (Okla. 2002). Accordingly, the Court must look to the terms of the insurance contract at issue to determine whether a covered event has occurred.

Under the terms of the Policy, a vehicle is considered a "covered auto" only if:

- It is identified as a covered vehicle on the Policy Declarations;

- It is a "replacement auto," as defined in the Policy; or

- It is an "additional vehicle," also as defined in the Policy.

At the time of the collision, Andrew Smith was driving the 2013 Buick Encore Marissa Smith purchased from Regional Hyundai. The undisputed facts establish that the only vehicles identified as being covered by the Policy were a 2004 Pontiac Grand Prix and a 2011 Toyota Camry. The 2013 Buick Encore is not listed on the Policy as a covered vehicle.

Likewise, the 2013 Buick does not fit the Policy definition of a "replacement auto," as there is no evidence it was acquired or purchased during the policy period to take the place of the termination of the insured's ownership interest in a covered auto due to mechanical breakdown, theft, deterioration, or total loss of an **auto**" described on the **Declarations Page**, rendering it permanently inoperable. Additionally, it never qualified as a replacement auto under the policy because it was never determined to be an acceptable risk to the insurer under its underwriting

guidelines.  The policy defines "**you**" as either a person shown as the named insured on the **Declarations Page** or "[t]he spouse of the named insured if residing in the same household."  John Smith was the only named insured, the vehicle was purchased by Marissa Smith, who is not his spouse, and the Buick was not identified as a replacement auto for a covered auto.  Accordingly, the Buick does not meet the requirement for coverage as a replacement auto.

Finally, the Buick does not meet the definition of an "additional auto" because (1)—as noted above—the insured, John Smith, was not the owner of the vehicle, nor was the owner John Smith's spouse; (2) United Security was not notified within four days of the acquisition of the additional vehicle; and (3) United Security was never asked to insure the additional vehicle.

Additionally, because the insured did not own the vehicle Andrew Smith was operating  at the time of the accident, and the vehicle was furnished or available for the regular use of both Marissa and Andrew Smith (family members), it is specifically excluded from coverage under Exclusion 12 of the policy, which provides—in pertinent part—that coverage will not be afforded for, *inter alia*, "[t]he . . . use of any vehicle. . .other  than **your covered auto** which is **owned** by **you** or furnished or available for the regular use of **you,** any **family member** or **resident**."  *Id.*, Ex. 3 at p. 11, Uninsured Motor Vehicle exclusion a. (emphasis added).

### V.  Conclusion

For the foregoing reasons, summary judgment is granted in its favor of United Security and against all named defendants except Kaci Anne-Rene Cackler and the Estate of Eliazar Munoz-Vargas on all issues pertaining to its liability under the terms of the Policy.

ENTERED this 2nd day of September, 2021.

**TERENCE KERN**
**United States District Judge**

8